**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:06CV-P146-R**

**LAMONT MOORE**                                                                                             **PLAINTIFF**

**v.**

**MCCRACKEN COUNTY JAIL** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), on Plaintiff's motion for leave to grant access to the courts (DN 2), and on Plaintiff's motion for leave to file an amended complaint (DN 11). For the reasons set forth below, the Court will deny the pending motions, dismiss Plaintiff's denial of access to the courts claims for failure to state a claim, and allow Plaintiff's claim related to the jail's alleged refusal to provide him with a non-pork tray to proceed against Defendants in their official capacities.

### I. Parties

Plaintiff, Lamont Moore, is a pretrial detainee currently being held at the McCracken County Jail awaiting trial on drug-related charges. Plaintiff has sued the McCracken County Jail; its jailer, Bill Adams; its grievance coordinator, Don English; the County Judge Executive; Jack Morrison, a deputy jailer; and "deputy jailers known and unknown" for various alleged violations of his right to access the courts and right to practice his religion.[1]

**A.    Capacity**

Plaintiff fails to specify in which capacity he sues these Defendants. It is Plaintiff's

---

[1] Plaintiff included a summons for a Charles Upchurch. However, Mr. Upchruch is not listed as a party in either the caption or body of Plaintiff's complaint, and therefore, the Court does not consider him to be a defendant in this action.

affirmative duty, however, to plead capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendants are being sued in their individual capacities. Thus, absent indication to the contrary, the Court must presume that Defendants are being sued in their official capacities only. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims against Defendants are actually brought against McCracken County. When a § 1983 claim is made against a county, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115 (1992).

**B.      Deputy Jailers Known and Unknown**

Plaintiff has listed "deputy jailers known and unknown" as Defendants. As the Court has determined that Plaintiff's complaint alleges only official capacity claims against the county, the Court concludes that the inclusion of "deputy jailers known and unknown" is redundant. Therefore, the Court will dismiss them as Defendants. Should Plaintiff have individual capacity claims against any known or unknown deputy jailers as related to the surviving claim, he can seek leave from the Court to amend his complaint to include such claims.

2

**C.      Claims Against McCracken County Jail**

To the extent that Plaintiff brings a § 1983 claim against the McCracken County Jail, he has not stated a viable claim. The McCracken County Jail is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). As such, the Court will dismiss Plaintiff's claims against the McCracken County Jail.[2]

### II. Analysis of Claims

**A.      Right of Access to the Courts Claims**

Plaintiff's complaint and proposed amendment allege that Defendants have violated Plaintiff's right to access the courts by not granting him adequate time in the prison law library and by refusing to provide Plaintiff with free copies, notary services, and business-sized envelopes to mail legal documents.

While inmates possess a constitutional right to access the courts, meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). The right of access guarantees access to the courts and not to a prison library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

"Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

---

[2] In this situation, it is McCracken County that is the proper defendant in this case. There is no need for the Court to construe the claims against McCracken County Jail as against the county, however, because Plaintiff has sued the individual defendants in their official capacities.

3

Rather, to state a claim for a denial of access to the courts, a prisoner will have to demonstrate actual injury to pending litigation that challenges his conviction or conditions of confinement. *Id.* at 355. The Supreme Court opined:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* An inmate who claims his access to the courts was denied *merely* because he was denied access to the prison library, or certain books, fails to state a claim absent any showing of prejudice to his litigation. *Walker*, 771 F.2d at 932. "Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In this case, Plaintiff fails to allege any litigation-related detriment he has suffered as a result of the lack of library time or supplies. For example, Plaintiff has not shown that he was prevented from filing any specific motions, was ill-prepared from any hearing, or that his case has been compromised by Defendants' refusal to allow him more library time or supplies. As such, his complaint and proposed amendment fail to state cognizable denial of access claims.

However, this is not to say that the Court condones the jail's policies as described by Plaintiff or that Plaintiff can never maintain a viable denial of access to the courts claim against Defendants. If Plaintiff can articulate how the lack of library time or other resources has impeded his ability to present a meritorious claim or defense or prejudiced his criminal case in some manner, he can move the Court to amend his complaint to add these claims at a later date or file a new action.

Plaintiff's motion for leave to access the courts is essentially seeking a temporary injunction

for the acts complained of above (refusal to copy and notarize documents and access to the prison law library). Because the Court is dismissing these claims, it will also deny this motion as moot.

**B.     Non-Pork Tray**

Plaintiff, a Muslim, claims that he repeatedly informed Defendants that eating pork violated his religious beliefs and requested a non-pork tray. Plaintiff further alleges that for several months, Defendants refused his request and continued to serve him trays, which he believed contained pork products. Plaintiff claims that such conduct violated his First Amendment right to freely exercise his religion. Claims of a violation of the First Amendment right to practice religion in a prison setting are reviewed to determine whether the restriction of such rights is related to a legitimate penological objective, whether the prisoner retains alternate means of exercising his religion, the impact of allowing the practice of religion on others and the allocation of prison resources, and the existence of ready alternatives which would permit the exercise of religion. *Whitney v. Brown*, 882 F.2d 1068, 1072 (6th Cir. 1989) (citing *Turner v. Safley,* 482 U.S. 78 (1987)). Based on the allegations in Plaintiff's complaint, the Court will allow this claim to proceed for further development.

**C.     Bond**

Plaintiff has moved the Court to allow him to amend his complain to add a claim related to Defendants' refusal to "correct" their records regarding the amount of Plaintiff's bond. Plaintiff maintains that his brother was prepared to post bond for him, but that the jail incorrectly recorded the amount of his bond, increasing it by several thousand dollars, and refuses to correct its records.

"If a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Thus, to the extent that Plaintiff is alleging that the bond was erroneously set or calculated, and should be reduced, he is seeking relief related to the fact of his

5

confinement, which must be challenged by seeking a writ of habeas corpus from this Court after exhaustion of all available state court remedies.

To the extent a prisoner challenges sanctions affecting his conditions of confinement, however, such claims must be raised by way of a civil rights action. *Id.* However, where a favorable outcome necessarily would imply the invalidity of the length of a prisoner's sentence, such claims do not accrue until the sanction has been invalidated through reversal on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Because a determination by this Court that Plaintiff's bond was incorrectly set, calculated or recorded would call into question the validity of his continued confinement under that bond, the claim is premature and cannot be pursued until a determination has been reached as to the correct amount of bond, a matter that is beyond the scope of a § 1983 action. As such, this claim is futile, and Plaintiff's request to amend his complaint to add it will be denied.

The Court will enter an Order consistent with this Memorandum Opinion and also a separate scheduling Order to govern the development of the surviving claim.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        McCracken County Attorney
4413.008