UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-146-R

LAMONT MOORE                                                    PLAINTIFF

v.

McCRACKEN COUNTY, et al.                                        DEFENDANTS

MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion for Summary Judgment (DN 51).  Plaintiff filed a response (DN 58), to which Defendants responded (DN 59).  This matter is now ripe for adjudication.  For the reasons that follow, Defendants' Motion is GRANTED.

BACKGROUND

Plaintiff Lamont Moore was arrested on July 1, 2006.  Because Moore could not post bond, he was incarcerated at the McCracken County Jail ("Jail") for the duration of his state court proceedings.  Moore claims that when he first arrived at the Jail, he informed an intake officer that he was Muslim and required a non-pork diet.  Moore filed at least three written grievances regarding the Jail staff's failure to provide him with a non-pork diet.  On September 3, 2006, approximately two months after he arrived at the Jail and about two weeks after he submitted his final written grievance, the Jail accommodated Moore's dietary requirements by including him on the list of inmates who received a non-pork diet.

On September 11, 2006, Moore brought this action pursuant to 42 U.S.C. § 1983.  The Court subsequently allowed only Moore's claim related to the Jail's failure to provide him with a non-pork diet to proceed against Defendants in their official capacities.  Defendants now move for summary judgement, arguing that there is no evidence that Moore's constitutional rights were

violated.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Moore claims that Defendants violated his First Amendment right to free exercise of religion by failing to provide him with an adequate non-pork diet for approximately two months.

2

Defendants do not dispute that Muslim prisoners are entitled to "a diet which provides them with adequate nourishment without the consumption of pork." *Barnes v. Mann*, No. 93-5684, 1993 WL 483236, at *1 (6th Cir. Nov. 22, 1993). Instead, Defendants argue that Moore has not demonstrated that he was inadequately nourished during the two month period where he could not eat meals or portions of meals served to him that contained pork.

In support of their argument, Defendants point to Moore's deposition testimony where he stated that while at times he went hungry, he was never treated for malnourishment. Moore also stated that when he was served a meal with pork, he was able to eat the other items. Exhibit E to Defendant's Motion, a copy of the Jail's July, August and September menus, also demonstrates that Moore would have been frequently served dishes without pork in them before he was placed on the list of inmates who received a non-pork diet.

Moore, in response, argues there is still a disputed issue of material fact regarding whether his diet provided him adequate nourishment for the first two months he was in Jail. He states that he should be allowed to present his case and submit expert testimony regarding his diet for that period of time.

The original deadline to complete pretrial discovery in this matter was August 2, 2007. The Court extended the deadline to file dispositive motions to December 21, 2007. The Court also extended the pretrial discovery deadline to September 30, 2008, and extended the deadline for Moore to respond to Defendants' Motion to October 31, 2008. This case has been pending for over two years. Moore had nearly a year to respond to Defendants' Motion. Moore has had more than enough time to disclose an expert and submit an expert report, or include expert evidence in his response. The Court therefore finds that Moore may no longer submit expert

3

testimony supporting his claim that he was inadequately nourished during his first two months in Jail.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also, e.g.*, *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). As the plaintiff in this matter, Moore bears the burden of proving that he was inadequately nourished. Without this evidence, he cannot prove his alleged First Amendment violation. *See Alexander v. Carrick*, 31 Fed. Appx. 176, 179 (6th Cir. 2002) (no constitutional violation if the prisoner's diet "is sufficient to sustain the prisoner in good health"); *Joseph v. Campbell*, 10 Fed. Appx. 264, 266 (6th Cir. 2001) (holding that a prisoner's religious dietary requirements were properly accommodated by "notifying the prisoners when pork was served, offering nutritionally sound substitutes, and attempting to serve the substitutes in a manner acceptable to the Muslim inmates"). Because no evidence has been submitted to support Moore's claim that he was inadequately nourished, he has failed to satisfy this burden.

The Court concludes that Defendants are entitled to summary judgment because Moore has not demonstrated that he was inadequately nourished during the approximate two month period of time prior to being placed on the list of prisoners who were to receive a no-pork diet. Therefore, the Court will not address Defendants' argument that the complaint must be dismissed pursuant to the "physical injury" requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, or that Moore's claims against Defendants in their individual capacities must be dismissed since he failed to allege and prove municipal liability. The Court will also not address

4

claims made by Moore in his response, including that he was served pork-contaminated meals and denied religious reading materials, because those claims are not properly before the Court.

CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (DN 51) is GRANTED.

An appropriate order shall issue.